UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MATTHEW JONES,

    Petitioner,                                                            Case No. 3:22-cv-352

vs.

DAVID YOST,                                                   District Judge Michael J. Newman
    Ohio Attorney General,                              Magistrate Judge Karen L. Litkovitz

    Respondent.

---

**ORDER: (1) ADOPTING, IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. No. 19); (2) OVERRULING PETITIONER'S OBJECTIONS (Doc. No. 24); (3) DENYING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS (Doc. No. 3); (4) AFFIRMING RESPONDENT'S OBJECTION (Doc. No. 20) AND DECLINING TO ACCEPT THE MAGISTRATE JUDGE'S RECOMMENDATION TO GRANT A CERTIFICATE OF APPEALABILITY (Doc. No. 19); (5) DENYING A CERTIFICATE OF APPEALABILITY; (6) CERTIFYING THAT ANY APPEAL OF THIS ORDER WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS ON APPEAL SHOULD BE DENIED; AND (6) TERMINATING THE CASE ON THE DOCKET**

---

      Petitioner Matthew Jones is an inmate in federal custody serving two concurrently imposed 270-month prison sentences arising from two convictions under for production of child pornography. *See United States v. Matthew Jones*, No. 3:20-cr-2 (S.D. Ohio). He brings this case *pro se* seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a different child sex-abuse prosecution: his conviction and sentence in the Greene County, Ohio Court of Common Pleas for rape of a minor under 10 years of age ("the Greene County case").[1] Doc. No. 3; *see* Doc. No. 7, Exhibit 5 at PageID 246. Petitioner pled guilty to that charge, and the state court sentenced

---

[1] Petitioner does not challenge his federal convictions and sentence. Doc. No. 3 at PageID 28-30, 35-40, 43- 44.

him to life without the possibility of parole, which he will serve after he finishes serving his federal sentence. *See* Doc. No. 8 at PageID 358.

In the present case, construing the *pro se* petition liberally in Petitioner's favor,[2] he seeks a writ of habeas corpus vacating his conviction and sentence in the Greene County case and requiring specific performance of his plea agreement in that case. Doc. No. 3 at PageID 28. He contends, in part, that his guilty plea in the Greene County case was involuntary and violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Id*. at 35-40.

This case is before the Court on the Petition, *id*., the Ohio Attorney General's Return of Writ and Exhibits (Doc. Nos. 8, 18), the state court record (Doc. No. 7), Petitioner's Reply (Doc. No. 12), the Report and Recommendation filed by United States Magistrate Karen L. Litkovitz (Doc. No. 19), and both parties' Objections to the Report and Recommendation (Doc. Nos. 20, 24, 25).[3]

Pursuant to S.D. Ohio Amended General Order No. 22-05, this § 2254 petition was referred to Magistrate Judge Litkovitz for an initial review. Judge Litkovitz found the petition without merit, but nonetheless recommended that a certificate of appealability issue on Petitioner's involuntary plea claim. For the reasons that follow, the Court agrees that the habeas claim lacks merit but further concludes that Petitioner has not made a "substantial showing of the denial of a constitutional right" and consequently a certificate of appealability is unwarranted. *See Moody v.*

---

[2] *Pro se* filings are liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The undersigned has applied this liberal standard in the present case.

[3] Petitioner also pled guilty in the Montgomery County Court of Common Pleas to rape of a minor under the age of 10. Neither this conviction nor his resulting sentence (15 years to life) is at issue in the present case. *See* Doc. No. 3 at PageID 28, 35-40.

*United States*, 958 F.3d 485, 488 (6th Cir. 2020).

## I. Petitioner's Objections

Upon careful *de novo* consideration of the foregoing, the Court concludes that Petitioner's Objections to the Report and Recommendation lack merit for the reasons set forth in the Report and Recommendation issued by Judge Litkovitz.[4]  *See* Doc. No. 19 at PageID 610-38; *see also* Doc. No. 7, Exhibit 10 at PageID 301, 303-05.  Consequently, the Court **OVERRULES** Petitioner's Objections as meritless.

## II. Respondent's Objections

Turning to Respondent Ohio Attorney General's Objection, he challenges Judge Litkovitz's recommendation that a certificate of appealability should "because jurists of reason would find debatable whether the Court was correct in determining that Petitioner's voluntariness challenge [to his guilty plea in the Greene County case] is without merit, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and … 'substantial reason [exists] to think that the denial of relief might be incorrect[,]' *Moody v. [United States],* 958 F.3d 485, 488 (6th Cir. 2020)."  Doc. No. 19, PageID 639.

Petitioner agrees with the Magistrate Judge's recommendation to issue a certificate of appealability on his involuntary-plea claim because the global federal plea agreement ("GFPA") he entered into is material.  He further argues that state prosecutors withheld from the state court (the Greene County Court of Common Pleas) their knowledge of the GFPA and the fact that the GFPA placed obligations on both Petitioner and the Greene County Prosecutor's Office.  Doc. No. 25 at PageID 712-14.

---

[4] Petitioner agrees with the Magistrate Judge's recommendations that ground one of the Petition be dismissed as meritless, and that grounds two and three be dismissed as procedurally defaulted and/or meritless.  Doc. No. 20 at PageID 641.

3

Before Petitioner appeals this case, he must obtain a certificate of appealability. *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

> "[T]o get a certificate, a prisoner must make 'a substantial showing of the denial of a constitutional right.' That means 'showing that reasonable jurists could debate whether" relief should have been granted. While this standard is not overly rigid, it still demands 'something more than the absence of frivolity.' In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect."

*Id.* (cleaned up).

In the instant case, the Report and Recommendation contains many reasons for rejecting Petitioner's first ground for relief as meritless. Doc. No. 19 at PageID 620-26. These reasons likewise support the conclusion that reasonable jurists would not debate the lack of merit in Petitioner's first ground for relief. *See Moody*, 958 F.3d at 488. Indeed, there is not a substantial reason to think that rejecting as meritless Petitioner's first ground for relief might be incorrect. *See id.* The Court therefore **REJECTS** the Magistrate Judge's recommendation to grant a certificate of appealability on Petitioner's first ground for relief.

Accordingly, the Court: (1) **ADOPTS**, in part, the Report and Recommendation; (2) **OVERRULES** Petitioner's Objections; (3) **DENIES WITH PREJUDICE** the Petition for a writ of habeas corpus; (4) **SUSTAINS** Respondent's objection and **DECLINES** to accept the Magistrate Judge's recommendation to grant a certificate of appealability; (5) **DENIES** Petitioner a certificate of appealability; (6) **CERTIFIES** that any appeal would be objectively frivolous and **FINDS** that *in forma pauperis* status should be denied on appeal; and (7) **TERMINATES** the case on the docket.

**IT IS SO ORDERED.**

  August 19, 2024                                                   s/*Michael J. Newman*
                                                                                Hon. Michael J. Newman
                                                                                United States District Judge